James Brand and Others, Respondents, *v.* John Crosby Brown and Others, Appellants, Impleaded with Others, Respondents.

Samuel W. Milbank, Receiver, etc., Appellant.

*Attachment — property belonging to others than the attachment debtor, or subject to prior liens — sheriff's fees.*

If a sheriff levies on or attaches the property of A. on a process against B., under the belief that the property belongs to the latter, he is not entitled to collect his fees and expenses out of the property so wrongfully taken, but he must look for his compensation to those who employed him.

If property of a debtor is attached or taken in execution on which there is a prior lien, the lien must first be satisfied, and no part of the sheriff's fees can be deducted from the fund realized before payment of the lien ; if the remainder

of the sum realized is insufficient to pay the sheriff he must look to the plaintiff in the writ under which he proceeds.

A sheriff levied attachments upon a fund produced by the sale of goods to which parties other than the attachment debtor claimed the legal title, and upon which they claimed prior liens.

*Held,* that such claims, if established, must be first satisfied before any part of the fund could be applied to the payment of the sheriff's charges, and that he should not be permitted to withhold his fees from the fund before it had been determined that any part of it was subject to be taken by virtue of the writs held by him.

APPEALS by Samuel W. Milbank, receiver, and by the defendants, John Crosby Brown and others (composing the firm of Brown Brothers & Co.), from that part of an order of the Supreme Court, made at the New York Special Term at Chambers, and entered in the office of the clerk of the city and county of New York on the 22d day of May, 1893, which permitted the defendant John J. Gorman, as sheriff of the city and county of New York, to deduct and retain from the moneys heretofore collected or received by him under any warrants of attachment or executions heretofore issued to him against the property of the defendants Ernst Lipman and others, composing the firm of Lipman & Co., the amount of the said sheriff's fees or poundage under said several attachments.

*Willard Parker Butler*, for the appellants.

*W. E. Stillings*, for the respondents.

PER CURIAM:

The defendants, Ernst Lipman, Edward Friedlander, Herman Hildersheim, and another person sued as John Doe, were partners under the name of Lipman & Co. and engaged in business at Dundee, Scotland. All of the members of the firm are subjects of Great Britain, none of them residing in this State. Ludwig A. Gutman, defendant, was the agent of the firm in the city of New York.

On divers dates between April 1, 1892, and December 14, 1892, the firm shipped from Dundee a large number of bales of burlaps, consigned to themselves at New York. Some of the bills of lading under which the goods were shipped were assigned by Lipman & Co. to the plaintiffs as security for bills of exchange drawn by Lipman & Co. on and accepted by plaintiffs. Bills of lading for other

bales of burlaps so shipped were assigned to other banking firms and corporations as security for like acceptances. The New York agent of Lipman & Co. was directed to turn over the avails of the various shipments so made to the bankers holding assignments of the bills of lading so assigned to them · as security for the sums loaned through their acceptances.

On December 14, 1892, Lipman & Co. became insolvent and suspended payment. Gutman, their New York agent, collected after that date various sums from purchasers of the bales so shipped and pledged, and deposited the amounts collected to the credit of Lipman & Co. in the Western National Bank of this city. Immediately after the failure of Lipman & Co., nine banking firms and corporations began actions in this State, in which attachments were issued and delivered to the sheriff of the city and county of New York, who attached the money standing to the credit of the firm with said bank, and also certain other property. On or about February 24, 1893, this action was begun, all of the banking corporations, the partners of the banking firms, and the members of Lipman & Co., being made parties. The action was brought for the purpose of determining the rights of all the parties in the fund held by the bank, and, among other relief, a receiver was prayed for. April 6, 1893, Samuel W. Milbank was appointed receiver by an order containing the following provision :

" *Ordered*, that the Sheriff of the City and County of New York be and he is hereby directed to transfer to such Receiver all property formerly belonging to said defendants composing the firm of Lipman & Co., levied upon or taken into his possession by virtue of attachments issued at the suit of any of the parties to this action, without prejudice, however, and subject to the liens of the respective attachments referred to in the complaint herein according to the dates of the levies thereof, respectively, and without prejudice to any and all rights of said Sheriff to fees or poundage by virtue of said several attachments."

A copy of the order appointing the receiver was served on the sheriff, and a demand made that he pay over all moneys taken by him under the attachments.

On May 22, 1893, an order was granted and entered which contained the following provision :

" *Ordered*, that the defendant, John J. Gorman, as Sheriff of the City and County of New York, do forthwith pay over to Samuel W. Milbank, the receiver heretofore appointed herein, any and all moneys heretofore collected or received by him under any warrants of attachment or executions heretofore issued to him against the property of the defendants, Ernst Lipman and others, composing the firm of Lipman & Company, after deducting the said sheriff's fees or poundage under the said several attachments. Without prejudice to liens, if any, under the said attachments."

The receiver and certain of the defendants appeal from that part of the order which permits the sheriff to retain the amount of his fees and poundage.

The title to these moneys is in dispute. Every one of these banking firms and corporations assert that a definite amount of the whole sum deposited in the Western National Bank arose from the sale of goods owned by it and to which Lipman & Co. had no title. If a sheriff levies on or attaches the property of A. on a process against B., under the belief that the property belongs to the latter, he is not entitled to collect his fees and expenses out of the property so wrongfully taken, but he must look for his compensation to those who employed him. Or, if property of a debtor is attached or taken in execution on which there is a proper lien, it must be first satisfied, and no part of the sheriff's fees can be deducted from the fund realized before payment of the lien. If the remainder of the sum realized is insufficient to pay the sheriff, he must look to the plaintiffs in the writs under which he proceeds.

In the case at bar, if these various banking concerns hold the legal title to these goods or establish liens thereon, their claims must be first satisfied before any part of the same can be applied to the payment of charges of the sheriff; and it was error to permit him to withhold his fees from the fund before it was determined that any part of it was subject to be taken by virtue of the writs held by him.

That part of the order which is appealed from must be reversed, with ten dollars costs and printing disbursements.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

That part of the order which is appealed from reversed, with ten dollars costs and printing disbursements.